IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CAROLYN BRITTON, | § § § | |
| Plaintiff, | § § | CASE NO. 4:07cv257 |
| v. | § § | |
| COUNTY OF HUNT, TEXAS, | § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant's Unopposed Motion to Transfer for Improper Venue (Dkt. 5). Having reviewed the motion, the Court is of the opinion that it should be GRANTED.

Defendant seeks to transfer this case from the United States District Court for the Eastern District of Texas, Sherman Division, to the United States District Court for the Northern District of Texas, Dallas Division. Plaintiff does not oppose this transfer.

The basis for federal jurisdiction here is a federal question arising under the ADEA. Federal law provides that civil actions that are not based on diversity of citizenship may *only* be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) a judicial district where any defendant may be found, if there is no other proper district in which to bring suit. 28 U.S.C. § 1391(b). When a plaintiff files a case in the wrong division or district, the district court shall dismiss or, if in the interest of justice, transfer the case to any division or district where it should have been brought. 28 U.S.C. § 1406(a).

1

Defendant claims this suit has no connection whatsoever to the Eastern District of Texas. Defendant claims that all events giving rise to this suit occurred in Hunt County and that Defendant resides in Hunt County. Indeed, the only named Defendant in the suit is Hunt County itself. Hunt County is in the Northern District of Texas, Dallas Division. Therefore, in light of the facts before it, the Northern District of Texas, Dallas Division appears to be the only proper venue here. And, in the interests of justice, the Court recommends that this case be transferred to that district.

**Recommendation**

Based on the foregoing, the Court recommends that Defendant's Motion to Transfer for Improper Venue (Dkt. 5) be GRANTED and that this cause be transferred in its entirety to the Northern District of Texas, Dallas Division.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of October, 2007.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE